E-FILED
Wednesday, 20 January, 2010 02:16:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION



FILED
JAN 19 2010
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG M. JOHNSON; MARCIA L. JOHNSON; and GALESBURG ELECTRIC INDUSTRIAL SUPPLY, INC., *an Illinois corporation*, <br><br> Plaintiffs, <br><br> v. <br><br> SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, *a New York corporation*; DAVID K. FENSLER, not personally, but as trustee of the United Employee Benefit Fund; UNITED EMPLOYEE BENEFIT FUND, *an Illinois nonprofit*; HERBERT O. MCDOWELL III, not personally, but as director of the Professional Workers Master Contract Group; GERALD KOENNING, personally, and as director of Employers Benefits, Inc.; LOU DELPIERRE, personally, and as owner of Employers Benefits, Inc.; and EMPLOYERS BENEFITS, INC., *an Illinois corporation*, <br><br> Defendants. | Case No.: 08-cv-1267 |
| SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> MARSHALL DAVID KATZMAN and KOENNING INSURANCE AGENCY, INC., <br><br> Third-Party Defendants. | |

# **AMENDED ORDER & OPINION**[1]

This matter is before the Court on motions to dismiss by various Defendants and upon a motion for partial voluntary dismissal by certain Plaintiffs. Marcia Johnson's and Galesburg Electric's motion to voluntarily dismiss the Amended Complaint as against United Employee Benefit Fund and David K. Fensler (Doc. 72) is GRANTED. The motion to dismiss by Security Mutual Life Insurance Company of New York (Doc. 60) is GRANTED in relevant part. The motion to dismiss by Gerald Koenning, Lou Delpierre, and Employer Benefits, Inc. (Doc. 65) is GRANTED in relevant part. The motion to dismiss Craig Johnson's claims by United Employee Benefit Fund and David K. Fensler (Doc. 67) is GRANTED in relevant part. And the motion for default judgment as against Herbert McDowell (Docs. 76, 78) is DENIED.

## BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint. Craig Johnson is the owner of Galesburg Electric/Industrial Supply, Inc., a supplier of electrical products. In 1996, Gerald Koenning and Lou Delpierre, the director and

---

[1] On January 14, 2010, the Court entered an Order & Opinion disposing of Plaintiffs' claims in this action. On January 15, 2010, Plaintiffs filed a motion for reconsideration, pointing out that a portion of the Court's Order was based on a misreading of a motion for voluntary dismissal of Defendants United Employee Benefit Fund and David K. Fensler. The motion for voluntary dismissal was filed only on behalf of Plaintiffs Marcia Johnson and Galesburg Electric; Plaintiff Craig Johnson was not a party to the motion. As the result of an oversight, the Court treated the motion as if it were filed by all Plaintiffs (including Craig Johnson). The Court apologizes to the parties and counsel for the error, and the Court appreciates that counsel promptly notified the Court of its error. This Amended Order & Opinion is meant to correct the error; it supersedes and replaces the Court's January 14, 2010 Order & Opinion.

owner, respectively, of Employer Benefits, Inc., approached Johnson with the suggestion that he unionize the employees of Galesburg Electric for the purpose of providing life insurance to the employees (including himself) under an arrangement that would yield favorable tax consequences. Koenning and Delpierre apparently told Johnson that establishing a union as a vehicle through which to procure life insurance for the employees -- specifically, by way of a death benefits employee welfare plan -- would ensure that the insurance premium payments would be tax deductible.[2] Specifically, Koenning and Delpierre promoted a death benefits plan that, they claimed, was organized as a tax-exempt voluntary employees' benefit association (VEBA) under 26 U.S.C. § 501(c)(9). Additionally, Koenning and Delpierre either supplied to Johnson or arranged for him to receive marketing materials pertaining to the death benefits plan. These materials were produced by the "Master Contract Group" (a multi-employer association formed for purposes of collective bargaining), and the documents purportedly paralleled Koenning's and Delpierre's representations. The marketing documents represented that the plan was approved by the IRS as a tax-exempt VEBA and that employer contributions to the plan were tax deductible. (Exh. 3 to Am. Compl., at pp. 4, 6). According to the summary plan description ("SPD," which is attached to the Amended Complaint)

---

[2] The Amended Complaint suggests that Koenning and Delpierre told Johnson that, under the arrangement, Galesburg Electric employees would make contributions toward the payment of insurance premiums and that such contributions would be deductible from the employees' taxable incomes. The death benefits plan summary and other documents attached to the Amended Complaint, however, represent that contributions to the plan were paid by, and were tax deductible to, the employer (i.e. Galesburg Electric).

3

the "Plan" is defined as the "United Employee Benefit Fund" and the Plan Administrator is listed as David K. Fensler (Exh. 2 to Am. Compl., at pp. 1, 4-5). The SPD states that the Plan Administrator is responsible for construing and interpreting the Plan, as well as day-to-day Plan administration. (Exh. 2 to Am. Compl., at p. 4).

Based on Koenning's and Delpierre's advice, as well as the corresponding marketing materials, Johnson decided to establish a union at Galesburg Electric: UNITE Local 2411. The Amended Complaint alleges that Herbert McDowell, a director with the Master Contract Group, assisted or guided Johnson in creating the union and in implementing a collective bargaining agreement.[3] Around the same time, according to the Amended Complaint, Johnson arranged for life insurance coverage (presumably by way of the death benefits Plan) for the unionized Galesburg Electric employees by "purchas[ing] the life insurance through Koenning." (Am. Compl. ¶ 11). Security Mutual Life Insurance Company of New York allegedly underwrote the insurance policies.

In 2007, the IRS determined that Galesburg Electric's enrollment in the Plan was not the product of good faith collective bargaining with a bona fide labor union but, rather, was a sham arrangement designed primarily as a tax shelter that benefitted Johnson and his family members. The specific type of arrangement to which Johnson and Galesburg Electric had subscribed was specifically disavowed by

---

[3] It appears that McDowell also served as Galesburg Electric's representative for purposes of collective bargaining, at least for purposes of the Plan. David Fensler apparently served as the bargaining representative of the unionized employees of Galesburg Electric, for purposes of the Plan.

4

the IRS in a notice published in April 2001. See IRS Notice 2003-24 (April 11, 2003). As such, the IRS did not allow the income tax deductions taken by Johnson (or Galesburg Electric -- the Amended Complaint and the attached IRS documents seem to conflict as to the person/entity that took the deductions) related to the life insurance premium payments. According to the Amended Complaint, the IRS assessed "penalties" against Craig Johnson and Marcia Johnson (who is presumably Craig's wife), which the Johnsons settled by paying $123,457.51 to the IRS and $11,754.42 to the Illinois Department of Revenue.

In October 2008, Craig Johnson, Marcia Johnson, and Galesburg Electric ("Plaintiffs") filed a four-count complaint against Security Mutual, David Fensler, United Employee Benefit Fund, Herbert McDowell, Gerald Koenning, Lou Delpierre, and Employers Benefits, Inc. ("Defendants") alleging the following: fraud; breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"); "disgorgement" of insurance policy proceeds under ERISA; and civil liability under 26 U.S.C. § 6700 for promotion of an abusive tax shelter.[4]

On May 28, 2009, the Court dismissed Counts II (breach of fiduciary duty under ERISA) and IV (liability for promotion of abusive tax shelter) of the original Complaint with prejudice; and Count III (disgorgement) was dismissed without prejudice. In dismissing Count II, the Court held that Plaintiffs' ERISA claim failed

---

[4] The named Plaintiffs are Craig Johnson, Marcia Johnson, and Galesburg Electric. Documents attached to the Amended Complaint indicate that Galesburg Electric was the payor of disputed sums to the government. Craig Johnson is alleged to be the sole shareholder of Galesburg Electric, which is ostensibly why he is named as a Plaintiff. It is not clear why Marcia Johnson is named as a Plaintiff.

primarily because the core wrongful act that Plaintiffs challenged -- i.e. Defendants' bad advice regarding tax deductibility of Plan contributions -- was alleged to have occurred prior to the onset of any fiduciary relationship between Plaintiffs and Defendants.  The Court also recognized that, in their initial Complaint, Plaintiffs did not allege that they had been denied any benefit under the Plan, nor were they attempting to enforce Plan terms or clarify future Plan benefits.  In addition, the Court pointed out that Plaintiffs did not allege that the Plan itself had suffered any losses -- the alleged losses were unpaid taxes that Plaintiffs were forced to pay governmental agencies.  The Court dismissed Plaintiffs' Count III disgorgement claim because Plaintiffs did not allege that Defendants attempted to appropriate Plan assets in a risky fashion for self-interested purposes.  The Court further noted that disgorgement, generally, is a type of remedy, not a stand-alone claim.  The Court dismissed Plaintiffs' claim for promotion of an abusive tax shelter because Plaintiffs agreed there was no basis for the claim.  The Court then granted Plaintiffs leave to file an Amended Complaint.

On June 10, 2009, Plaintiffs filed a First Amended Complaint against Defendants, alleging the following claims: fraud against Koenning, Delpierre, and Employer Benefits, Inc.; fraud and fraudulent concealment against McDowell, Fensler, and United Employee Benefit Fund; clarification of Plan rights and recovery of benefits due under the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B), against United Employee Benefit Fund, Fensler, McDowell, and Security Mutual; negligence against all Defendants; professional negligence against Fensler, Delpierre, Koenning, McDowell, and Employers Benefits, Inc.; breach of contract

6

against Fensler, United Employee Benefit Fund, and McDowell; and "unjust enrichment," under 29 U.S.C. § 1132(a)(3), against all Defendants. The various Defendants have filed motions to dismiss the Amended Complaint.

## LEGAL STANDARD

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure is designed to test the availability of legal relief under the alleged facts. See Maple Lanes, Inc. v. Messer, 186 F.3d 823, 824-25 (7th Cir. 1999). When ruling on a motion to dismiss under Rule 12(b)(6), a federal court must view the complaint in the light most favorable to the plaintiff, and the complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). To survive a Rule 12(b)(6) motion, a plaintiff must show, through allegations, that his entitlement to relief is plausible. Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin., 536 F.3d 663, 667 (7th Cir. 2008). A plaintiff meets this burden by alleging a general factual basis which, if true, would warrant relief under a specified legal theory. See Tamayo v. Blagojevich, 526 F.3d 1074, 1081-85 (7th Cir. 2008).

## ANALYSIS

The Amended Complaint specifies that the only basis for federal subject-matter jurisdiction in this action is federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Am. Compl. ¶ 2). The only federal claims brought in the Amended Complaint are ERISA claims which are specifically identified as follows: Count III for clarification of Plan rights and recovery of benefits due under the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B), as against United Employee Benefit Fund, Fensler,

7

McDowell, and Security Mutual; and Count VII for "unjust enrichment" under 29 U.S.C. § 1132(a)(3) against all Defendants. The Amended Complaint also sets out various state claims. Although Plaintiffs identify no specific jurisdictional basis for the state claims, presumably Plaintiffs have contemplated that the Court may exercise supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

Because the Court has decided to dismiss Plaintiffs' federal ERISA claims for the reasons stated below, the Court, in its discretion, is also dismissing, without prejudice, Plaintiffs' supplemental state claims. 28 U.S.C. § 1367(c)(3); see Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866-67 (2009); see also Groce v. Eli Lilly & Co., 193 F.3d 496, 501 (7th Cir. 1999).

I.   **Count III -- 29 U.S.C. § 1132(a)(1)(B)**

Plaintiffs Marcia Johnson and Galesburg Electric have moved to voluntarily dismiss their claims as against Defendants United Employee Benefit Fund and David K. Fensler (collectively, "Plan Defendants"). That motion for voluntary dismissal is GRANTED. As such, Marcia Johnson's and Galesburg Electric's claim under § 1132(a)(1)(B) remains active only as against Security Mutual and McDowell. Craig Johnson, on the other hand, has not moved to dismiss his claims as against the Plan Defendants, so his § 1132(a)(1)(B) claim remains active as against the Plan Defendants as well as Security Mutual and McDowell. Each Defendant that has been named in Count III has moved for dismissal of the count -- with the exception of McDowell, who has not appeared.

A. <u>Marcia Johnson's and Galesburg Electric's § 1132(a)(1)(B) Claim</u>

An action under § 1132(a)(1)(B) is generally limited to a suit against the plan as an entity or, in some limited instances, against the plan administrator. <u>See Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan</u>, 378 F.3d 669, 674 (7th Cir. 2004); <u>see also</u> <u>Mote v. Aetna Life Ins. Co.</u>, 502 F.3d 601, 610-11 (7th Cir. 2007). Here, Marcia and Galesburg Electric have decided to voluntarily dismiss their § 1132(a)(1)(B) claim as against the Plan and the Plan Administrator. In responding to Security Mutual's motion to dismiss -- in which Security Mutual points out the "who may be sued" limitations that accompany § 1132(a)(1)(B) -- Marcia and Galesburg Electric make virtually no attempt at a developed argument (citing no relevant authority) to persuade the Court why any other party besides United Employee Benefit Fund, or possibly Fensler, is a proper party to their § 1132(a)(1)(B) claim.

Security Mutual was merely the underwriter of the life insurance policies that were apparently procured through the Plan. Security Mutual is clearly not the Plan and is not alleged to be the Plan Administrator. Therefore, Security Mutual is not a proper party to Marcia's and Galesburg Electric's § 1132(a)(1)(B) claim and is dismissed with prejudice as to this claim.

The same goes for McDowell. McDowell is obviously not the Plan, and the SPD attached to the Amended Complaint does not list McDowell as the Plan Administrator. Rather, David Fensler is the Plan Administrator, wielding authority over construction and interpretation of the Plan as well as its day-to-day administration. (Am. Compl. ¶ 18; Exh. 2 to Am. Compl., at pp. 4-5). Although

9

there is an allegation in the Amended Complaint which seems to attempt to tie McDowell to Plan administration (See Am. Compl. ¶ 16), the Amended Complaint does not allege that McDowell possesses any of the discretionary authority assigned to the Plan Administrator. Even if there were such an allegation, it would be overridden by the SPD. See <u>Thompson v. Ill. Dept. of Prof'l Regulation</u>, 300 F.3d 750, 754 (7th Cir. 2002) (when a document attached to a complaint contradicts allegations in the complaint, the attached document controls). McDowell is therefore not a proper party to Marcia's and Galesburg Electric's § 1132(a)(1)(B) claim and is dismissed with prejudice as to this claim.[5] Because no properly-named Defendants remain as to Marcia's and Galesburg Electric's § 1132(a)(1)(B) claim, the claim is dismissed.

### B. <u>Craig Johnson's § 1132(a)(1)(B) Claim</u>

Security Mutual and McDowell are dismissed as to Craig's § 1132(a)(1)(B) claim for the same reason these Defendants were dismissed as to Marcia's and Galesburg Electric's § 1132(a)(1)(B) claim.

---

[5] McDowell has defaulted by failing to appear in this lawsuit. Nonetheless, the Court is dismissing him sua sponte as to the § 1132(a)(1)(B) claim for purposes of efficiency. Briefing on Security Mutual's motion to dismiss as to the § 1132(a)(1)(B) claim has convinced the Court that the claim, prima facie, cannot stand against McDowell for reasons already stated. The default entered against McDowell on December 17, 2009 does not complicate this disposition. A default simply means that the facts pleaded in the Amended Complaint are taken as true for purposes of liability. <u>Merrill Lynch Mortg. Corp. v. Narayan</u>, 908 F.2d 246, 253 (7th Cir. 1990). The SPD attached to the Amended Complaint is, of course, incorporated into the pleading. Fed. R. Civ. P. 10(c). Taken as true, the SPD indicates that McDowell is neither the Plan nor the Plan Administrator. Thus, the same conclusion is reached: McDowell is not a proper party to the § 1132(a)(1)(B) claim.

Unlike Marcia and Galesburg Electric, however, Craig has not dismissed the Plan Defendants as to his § 1132(a)(1)(B) claim. Therefore, it appears that Craig's § 1132(a)(1)(B) claim remains active as against at least one properly-named Defendant (probably only United Employee Benefit Fund, i.e. the Plan).

The Amended Complaint, however, fails to state a claim under § 1132(a)(1)(B) as against the Plan Defendants. § 1132(a)(1)(B) provides, "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" The claim that Craig is attempting to make in Count III is difficult to pin down because his allegations are vague and muddled. The thrust of Count III, so far as the Court can tell, is that Craig Johnson instructed the Plan Administrator to send him "the surrender value of [his] insurance polic[y]" and that the Plan Administrator (or Plan) refused his request. Craig does not allege that he is entitled to death benefits which were denied by the Plan.[6] In his response to the Plan Defendants' motion to dismiss Count III, Craig points to a provision in the SPD which allows an exiting participant to purchase the life insurance policy that was used to provide his death benefit. (Exh. 2 to Am. Compl., at p. 6). (See Ptf.'s Resp. to Plan Defs.' MTD, at pp. 7-8). But the Amended Complaint identifies only Craig's request for "surrender" of an insurance policy or its value. In the Amended Complaint, Craig does not allege

---

[6] It is for this reason that it would not be especially reasonable to expect Craig to exhaust administrative remedies under the Plan, as the Plan's administrative appeal mechanism is geared primarily toward dealing with benefit denials. (Exh. 2 to Am. Compl., at pp. 3-4).

11

that he attempted to purchase the life insurance policy that provided his death benefit pursuant to the SPD's purchase provision (such would have been easy enough to allege if that were really his claim, especially given that Craig had possession of the SPD in drafting the Amended Complaint). The Court can find nothing in Count III of the Amended Complaint that would squarely invoke § 1132(a)(1)(B). It seems that Craig is asking for something that the Plan does not provide. If there is authority supporting the type of § 1132(a)(1)(B) claim that Craig is pushing here, Craig has failed to bring it to the Court's attention.[7] Accordingly, Craig Johnson's § 1132(a)(1)(B) claim is dismissed with prejudice as against United Employee Benefit Fund and Fensler.

## II. Count VII -- 29 U.S.C. § 1132(a)(3)[8]

§ 1132(a)(3) "authorizes civil actions for 'appropriate equitable relief' to redress violations of ERISA or terms of an ERISA plan." Peacock v. Thomas, 516 U.S. 349, 353 (1996).[9] Count VII, however, does not allege facts sufficient to

---

[7] Count III also alleges that the Plan misappropriated "part of Craig's account to pay past union dues without Craig's consent." (Am. Compl. ¶¶ 68-69). Craig makes no serious attempt in responding to the Plan Defendants' motion to dismiss to clarify this vague allegation or explain how the allegation could lead to relief under § 1132(a)(1)(B). Therefore, the allegation does not warrant any further discussion. It is essentially forfeited.

[8] It is not necessary to make a distinction in this section as between the separate Plaintiffs, even though Marcia and Galesburg Electric have dismissed the Plan Defendants as to this claim while Craig Johnson has not.

[9] 29 U.S.C. § 1132(a)(3) provides, "A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"

plausibly suggest that any Defendant violated ERISA or the terms of the Plan involved in this case. Rather, the crux of Count VII is that Craig Johnson received inaccurate information from Defendants as to the tax deductibility of payments toward life insurance.[10] In other words, the focus of Count VII is not on the Plan; rather, the focus is on tangential tax consequences associated with contributing to the Plan.

Further, in responding to the pending motions to dismiss, Plaintiffs make no persuasive argument to explain how Defendants' alleged act of giving inaccurate tax advice violated ERISA or the terms of the death benefits Plan. The single binding decision offered by Plaintiffs in substantive support of their equitable ERISA claim, UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of Am., 998 F.2d 509 (7th Cir. 1993), is readily distinguishable.[11] UIU Severance Pay focused on an employer's ability to recapture, in equity and under ERISA, its over-contributions mistakenly made to a trust fund on behalf of an employee. Although Plaintiffs may wish to characterize their Count VII, § 1132(a)(3) claim as one for restitution to recapture mistaken payments of contributions toward life insurance, the payments were only "mistaken" in the sense that Craig Johnson (through Galesburg Electric) purportedly would not have made the payments if he had

---

[10] In responding to the Plan Defendants' motion to dismiss, Craig Johnson suggests that his "purchase provision" claim is part of Count VII. (See Ptf.'s Resp. to Plan Defs.' MTD at p. 9). The Court rejects this suggestion. The clear focus of Count VII is the allegedly inaccurate tax advice that Johnson received from Defendants.

[11] Plaintiff Craig Johnson also cites to Donaldson v. Pharmacia Pension Plan, 435 F. Supp.2d 853 (S.D. Ill. 2006) and Stadel v. Principle Fin. Group, 2006 WL 1520234 (C.D. Ill. May 26, 2006) -- cases that offer no guidance as to whether the facts alleged in Count VII amount to an ERISA violation.

known the payments were not tax deductible. Plaintiffs' "mistake" relates more to the tax treatment of Plan contributions than to the actual Plan. Conversely, the "mistake" in <u>UIU Severance Pay</u> was closely tied to plan administration: the employer had not authorized disbursement of excess funds into the relevant trust, in violation of a specific provision in the declaration of trust. 998 F.2d at 511. It is too far a stretch to apply the line of authority relating to equitable recapture of mistaken plan contributions, recognized in <u>UIU Severance Pay</u>, to the present set of alleged facts.

Because Plaintiffs have failed to persuade the Court that the facts alleged in Count VII plausibly suggest violations of ERISA or the Plan, Plaintiffs' § 1132(a)(3) claim is dismissed with prejudice as to all Defendants.

### III.  **Plaintiffs' Remaining State Supplemental Claims**

The Amended Complaint states that the only basis for subject-matter jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Although Plaintiffs include state law claims in their Amended Complaint, they do not assert any jurisdictional basis for these claims. Presumably, Plaintiffs' counsel forgot to add a jurisdictional allegation regarding supplemental jurisdiction under 28 U.S.C. § 1367 to account for the state claims. Nonetheless, all of Plaintiffs' federal claims in this action are gone. When all federal claims are dismissed prior to trial and all that remain are state-law supplemental claims, the usual practice in this circuit is to dismiss the supplemental claims without prejudice. <u>Groce</u>, 193 F.3d at 501.[12]

---

[12] As for the prospect of diversity jurisdiction under 28 U.S.C. § 1332 -- which Plaintiffs have not alleged -- there is not complete diversity between the named

14

Accordingly, Plaintiffs' remaining supplemental state-law claims are dismissed without prejudice.

### IV.     Third-Party Claims, Cross-Claims, and Counter-Claims

All that remains in this litigation is a web of third-party claims, cross-claims, and counter-claims, which are by-products of Plaintiffs' suit. The third-party claims, cross-claims, and/or counter-claims that are premised on a finding of liability are moot, as Plaintiffs have failed to establish liability in this case. Third-party claims, cross-claims, and/or counter-claims related to indemnification against litigation costs and fees are still active; the parties to these claims should move the claims toward resolution or disposition.[13]

### CONCLUSION

Marcia Johnson's and Galesburg Electric's motion to voluntarily dismiss the Amended Complaint as against United Employee Benefit Fund and David K. Fensler (Doc. 72) is GRANTED. The motion to dismiss by Security Mutual Life Insurance Company of New York (Doc. 60) is GRANTED in relevant part. The motion to dismiss by Gerald Koenning, Lou Delpierre, and Employer Benefits, Inc. (Doc. 65) is GRANTED in relevant part. The motion to dismiss Craig Johnson's

---

parties. Complete diversity, which is required if jurisdiction is to be obtained under § 1332, means that no plaintiff may be from the same state as any defendant. Smart v. Local 702 Int'l Bhd. of Elec. Workers, 562 F.3d 798, 803 (7th Cir. 2009). Here, Plaintiffs are Illinois citizens and several Defendants are Illinois citizens. No claim is made that does not include an Illinois Defendant. Thus, complete diversity does not exist.

[13] It may be possible that the remaining "by-product" claims that are based solely on supplemental jurisdiction can be dismissed without prejudice as well. The Court is open to considering this issue on appropriate motion.

claims by United Employee Benefit Fund and David K. Fensler (Doc. 67) is GRANTED in relevant part. And the motion for default judgment as against Herbert McDowell (Docs. 76, 78) is DENIED.

All of Plaintiffs' federal claims are dismissed as set out in this Amended Order & Opinion. Plaintiffs' supplemental state-law claims are dismissed without prejudice. What remain in this litigation are third-party claims, cross-claims, and counter-claims related to indemnification of litigation costs and fees. The parties to these claims should move the claims toward resolution or disposition.

IT IS SO ORDERED.

ENTERED this 19th day of January, 2010.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                                United States District Judge